LOWELL H. COLEMAN and FERN COLEMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Coleman v. Commissioner
Docket No. 28021-81.
United States Tax Court
T.C. Memo 1983-510; 1983 Tax Ct. Memo LEXIS 282; 46 T.C.M. (CCH) 1180; T.C.M. (RIA) 83510; August 22, 1983. J. Jay Bullock, for the petitioners. R. Alan Lockyear, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies in and additions to petitioners' Federal income tax as follows: Sec. 6653(b) [1]
Year
Deficiency
Addition to Tax
1975
$2,709.05
$1,354.53
1976
4,225.86
2,112.93
1977
2,757.77
1,378.89
After concessions, the only issue is whether petitioners are liable for additions to tax under section 6653(b). FINDINGS OF FACT Some of the facts are stipulated and found accordingly. Petitioners, Lowell H. Coleman and Fern Coleman, resided in Ogden, Utah, when they filed their petition herein. Mr. Coleman entered into two separate contracts with the *283 United States Postal Service (Postal Service) commencing in 1972 to transport mail in the Ogden area. The first contract covered the route between the Ogden Post Office and Hill Air Force Base (the Hill route) for the period July 1, 1972 to June 30, 1975. Although this contract was renewed on July 1, 1975 and extended until June 30, 1979, the Postal Service terminated it on August 27, 1977. The second contract covered the route between the Ogden Post Office and the Eden/Huntsville area (the Eden route) for the period January 1, 1972 to June 30, 1975. This contract was renewed on June 30, 1975, and was likewise extended until June 30, 1979. Mr. Coleman's application for a cost adjustment with respect to the Eden route was approved in part on December 1, 1977, and was made retroactive as of August 13, 1977. In 1975 and 1976, Mrs. Coleman worked as a licensed practical nurse at Saint Benedicts Hospital in Ogden. She earned $5,808.15 in 1975 and $3,140.54 in 1976 which was all reported on petitioners' tax returns. After stopping work as a nurse in 1976, Mrs. Coleman assisted her husband with his mail routes. Petitioners were married in 1975. Their joint tax returns for 1975, *284 1976, and 1977 were prepared by their accountant. The accountant has prepared Mr. Coleman's tax returns since 1946. The Postal Service issued separate checks to Mr. Coleman as compensation for each route. It also issued a separate Form 1099 with respect to each route. As reflected in the Forms 1099, income earned on each route was as follows: Year
Hill Route
Eden Route
1974
$9,851.84
$13,524.18
1975
9,499.42
14,878.10
1976
10,713.46
18,201.09
1977
8,733.19
21,080.28
The Forms 1099 were all issued and sent to Lowell H. Coleman at the same address. In 1974 Mr. Coleman reported the income earned from both mail routes on his Federal income tax return. He and his wife, however, failed to report the income earned from the Hill route in 1975, 1976, and 1977. In his notice of deficiency, respondent determined petitioners understated their gross income accordingly. In addition, respondent also asserted an addition to tax for fraud under section 6653(b). OPINION Petitioners do not now contest the understatement of income adjustment. Thus, the only issue before us is whether petitioners are liable for additions to tax for fraud under section *285 6653(b). Section 6653(b) provides for a 50 percent addition to tax if any part of any underpayment of a tax required to be shown on a return is due to fraud. For purposes of section 6653(b), fraud is an intentional wrongdoing with the specific intent to evade a tax believed to be owed. , affd. ; , cert. denied . The existence of fraud is a question of fact to be determined from the entire record. . The burden of proof is on respondent to prove fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b). [2] Because direct proof of fraudulent intent is seldom possible, respondent may show the requisite intent from the conduct of the taxpayer and the surrounding circumstances. Circumstantial evidence and reasonable inferences drawn therefrom can also show fraudulent intent. . *286 Within this framework, the following factors evidencing fraud have been established. Mr. Coleman did report on his 1974 Federal income tax return all income earned from both mail routes. In 1975, 1976, and 1977, however, petitioners failed to report the income earned by Mr. Coleman from the Hill route. Thus, petitioners understated their gross income by $9,499.42, $10,713.46, and $8,733.19 in 1975, 1976, and 1977. [3] This consistent and substantial understatement of income standing alone is strong evidence of fraud. . Further evidence of petitioners' fraudulent intent is found in statements made by petitioners to the Internal Revenue Service agent who conducted the investigation of their returns. Whereas the record clearly shows two Forms 1099 from the Postal Service *287 in 1975, 1976, and 1977 were received, both petitioners nevertheless told the agent that they received only one Form 1099 from the Postal Service for each year. Additionally, Mr. Coleman told the agent that he operated only one mail route during the latter part of 1976 and in all of 1977 even though he in fact operated two routes until August 27, 1977. These misleading statements, together with petitioners' consistent and substantial understatements of income over a period of several consecutive years, convince us that petitioners' underreporting of income for each of the years at issue was due to fraud. , affg. a Memorandum Opinion of this Court; , affd. without published opinion . Petitioners' sole contention is that they relied on their accountant to prepare accurate tax returns. Even if petitioners' accountant was supplied with all the necessary information, we are convinced petitioners were not mere innocent beneficiaries of any mistake the accountant may have made. If a mistake was made, *288 they knowingly accepted the benefits and cannot now hide behind such mistake. Accordingly, after examining and evaluating all the facts, testimony, and the entire record, we hold that respondent has proved by clear and convincing evidence that part of the underpayments of taxes for each of the years at issue was due to petitioners' fraud. Thus, we sustain the additions to tax under section 6653(b). To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954.↩
2. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. Petitioners' understatement of their gross income for 1975 and 1976 was $1.61 and $ .09 more than the income earned from the Hill route. These negligible amounts are unexplained, and we do not find them to be relevant for purposes of our decision.↩